# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PDL BIOPHARMA, INC.,

                       Plaintiff,      CIVIL CASE NO. 07-11709

v.

SUN PHARMACEUTICAL            HONORABLE PAUL V. GADOLA
INDUSTRIES, LTD.,                  U.S. DISTRICT JUDGE

                       Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO STAY THE PROCEEDINGS

Before the Court is Plaintiff's motion to stay the proceedings in this case pending the outcome of identical litigation in the District of New Jersey. For the reasons stated below, Plaintiff's motion will be granted.

**I.    Background**

This is a patent infringement action. On March 5, 2007, Plaintiff PDL BioPharma, Inc. ("PDL") received a letter from Defendant Sun Pharmaceutical Industries ("Sun") indicating that Sun had filed an Abbreviated New Drug Application ("ANDA") with the Food and Drug Administration to produce a generic version of PDL's patented drug product, CARDENE® I.V. Under the Hatch-Waxman Act of 1984, once the owner of a patented drug receives notice from the FDA of an application to produce a generic version of the drug, the owner must file an action within 45 days in order to obtain a 30-month stay of approval of the production of the generic drug.[1]

---

[1] The respective stay, if granted, commences from the date of notice of filing rather than the date of commencement of the litigation.

In the present case, Plaintiff PDL filed two actions in federal court following notice of Sun's ANDA. The first was filed in the District of New Jersey on April 16, 2007. Due to its presumption that Sun would challenge jurisdiction in New Jersey, PDL filed a second suit in this Court on the following day, April 17, 2007, as a protective measure, recognizing that Sun has previously consented to personal jurisdiction in this Court. PDL claims that it filed two suits only to protect itself should it lose the jurisdictional challenge in New Jersey after the 45 day filing window had closed.

This court has now been notified that, although Sun initially contested personal jurisdiction in the District of New Jersey, Sun has now consented to personal jurisdiction in that district. However, Sun has filed a motion in the District of New Jersey to transfer venue in that case to the Eastern District of Michigan.

Now, before this Court is Plaintiff's motion to stay the proceedings in this district pending the outcome of the New Jersey action.

## II. Legal Standard

The first-to-file rule is a well established doctrine that encourages comity among federal courts of equal rank. *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001). The rule generally states, "[W]hen actions involving nearly identical parties and issues have been filed in two different [federal] district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Id.* (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)). *See also Smith v. McIver*, 9 Wheat. 532; 22 U.S. 532, 535 (1824) ("[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it.").

However, the first-to-file rule is not a blanket rule and the district courts may dispense with it as equity so requires. *Zide Sport Shop*, 16 F. App'x at 437. When evaluating whether to apply the rule, district courts are to consider several factors that weigh against adherence. "Factors that weigh against application of the [first-to-file] rule include 'extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping,' " *Nartron Corp. v. Quantum Research Group, Ltd.*, 473 F. Supp. 2d 790, 795 (E.D. Mich. 2007) (quoting *Zide,* 16 Fed. App'x. at 437), as well as significant policy considerations. *See AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004). A party seeking a stay in proceedings must establish "a clear case of hardship or inequity" before a court determines that a stay is proper. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

**III. Analysis**

In the present case, the Court finds that the application of the first-to-file rule is appropriate. Presently there are two identical actions pending in two separate districts. Going forward with both actions simultaneously would waste scarce judicial resources[2], not to mention the resources of the parties involved. Furthermore, proceeding with both actions would present the distinct possibility of conflicting rulings or judgements. Avoiding such a result is the very reason the Court follows the principle of comity. *See Church of Scientology of Cal. v. U. S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979) ("The purpose of the comity principle is of paramount importance. The doctrine is

---

[2] As evidence of the significant judicial resources that could be expended by allowing parallel litigation to proceed, the Court need only consider the multiplicative filings submitted to this Court pending the outcome of the motion to stay. Following each and every event in the New Jersey litigation, the parties filed briefs in this Court, updating the Court as to status of the New Jersey litigation and arguing how those events may affect the motion to stay. The Court could only expect the numbers of such filings to increase were this Court to allow the two cases to proceed simultaneously on the merits.

3

designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments. . . . "); *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982) ("[P]ermitting multiple litigation of these identical claims could serve no purpose of judicial administration, and the risk of conflicting determinations ... [is] clear.").

Considering Defendant's arguments in this case, the Court finds them unavailing. There is no question that Plaintiff filed two identical actions. However, there is no evidence of bad faith or forum shopping. *See Nartron Corp.*, 473 F. Supp. 2d at 795. Plaintiff filed the duplicative actions only because of the extraordinary time limit placed on the filing of suits under the Hatch-Waxman Act. Plaintiff correctly believed that Defendant would challenge personal jurisdiction in Plaintiff's preferred forum and concluded that, should a court in Plaintiff's preferred forum of the District of New Jersey find that jurisdiction was not appropriate there, the timing of the ruling could preclude Plaintiff from filing *any* action under the Act. These circumstances do not demonstrate bad faith or forum shopping on the part of Plaintiff. *See id.* Furthermore, given the strict deadline and the potentially harsh outcome should Plaintiff's preferred forum dismiss the cause of action after the deadline, a consideration of the "extraordinary circumstances" of the case, *see id.*, weighs in favor of the stay. Finally, Defendant's arguments regarding the prejudice it will face due to the delay in the New Jersey court are unpersuasive to *this* Court. Any concern about undue delay in New Jersey, whether on the part of the Court or of any party participating in that litigation, are best addressed by *that* court. Requiring two courts to adjudicate identical suits will do nothing to further judicial efficiency or reduce delays in this case or any others.

**IV. Conclusion**

Although the Court cannot condone the routine use of the filing of "protective" lawsuits, given the unusual nature of ANDA claims and absent any guidance in the statute or case law regarding the handling of such "protective" suits, the Court finds that Plaintiff has satisfied its burden for a stay. Allowing two identical suits to proceed in a parallel manner would clearly be contrary to the principles of comity and would waste scarce judicial resources. Accordingly, the Court finds that the first-to-file rule should be applied in this case. The Court will issue a stay of this case pending further action in the parallel New Jersey litigation.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion to stay this cause of action [docket entry #11] is **GRANTED**; this cause of action is **STAYED** pending further notice by the Court.

**IT IS FURTHER ORDERED** that, the Clerk of the Court administratively **CLOSE** this case pending further notice by the Court.

**IT IS FURTHER ORDERED** that, should the parallel New Jersey action proceed to a decision on the merits or otherwise reach resolution, the parties shall **NOTIFY** this Court within **TEN (10) DAYS**.

      **SO ORDERED.**

Dated:  August 6, 2007              s/Paul V. Gadola
                                                          HONORABLE PAUL V. GADOLA
                                                          UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   August 6, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Madison C. Jellins; Robert L. Kelly; Raymond M. Kethledge; Moheeb H. Murray; Michael K. Nutter; David J. Tsai                                                                                            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                         .

                                                        s/Ruth A. Brissaud
                                                      Ruth A. Brissaud, Case Manager
                                                      (810) 341-7845